RECEIPT # 56984
AMOUNT $ 150
SUMMONS ISSUED n/A
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK. M
DATE 6-30-04

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---------------------------------------X
BENOÎT ROLLAND                         )
                                       )
            Plaintiff,                 )    Civil Action Number: _____
                                       )
     v.                                )
                                       )    NOTICE OF REMOVAL
PETER PRIER & SONS VIOLINS, INC.,      )
SPICCATO FRENCH AMERICAN BOWS,         )
INC., PETER PAUL PRIER, PAUL STEWART   )
PRIER, and JON HATCH,                  )    04 cv 11491 RWZ
                                       )
            Defendants.                )    MAGISTRATE JUDGE Dein
---------------------------------------X

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants Peter Prier & Sons Violins, Inc., Spiccato French American Bows, Inc., Peter Paul Prier, Paul Stewart Prier and Jon Hatch ("Prier and Hatch"), by its undersigned attorneys, submits this Notice of Removal and states as follows:

1. On May 24, 2004, Plaintiff, Benoît Rolland ("Rolland"), filed a Complaint and a Civil Action Cover Sheet in the Superior Court of the Commonwealth of Massachusetts, Suffolk County, in an action entitled Benoît Rolland, Plaintiff, v. Peter Prier & Sons Violins, Inc., Spiccato French American Bows, Inc., Peter Paul Prier, Paul Stewart Prier and Jon Hatch, Defendants, Civil Action No. 04-2270.

2. On June 11, 2004, the Complaint was separately formally served on Peter Prier & Sons Volins, Inc., Spiccato French American Bows, Inc., Peter Paul Prier, Paul Stewart Prier and Jon Hatch in Salt Lake City, Utah. A copy of all of the Summons, Complaint and Civil Action Cover Sheet are annexed hereto as Exhibit A and constitute all process, proceedings and orders served in this action.

3. The Complaint alleges the following:
   • In about 1995, Defendant Peter Prier & Sons Violins, Inc. requested and received permission from Rolland to become distributors for the SPICCATO and Arpége violin bows made by Rolland in France;

- In mid-1997, Rolland presented to defendant Peter Paul Prier, a patent and trademark license agreement ("Proposed Agreement") which provided that Rolland would receive thirty percent (30%) of the "net profits" from the sale of the SPICCATO violin bows and, at a minimum, Rolland would receive sixty thousand (60,000) French francs per year to be used by Rolland to pay maintenance fees for certain Intellectual Property rights;
- In July 1997, Rolland taught defendants Paul Stewart Prier and Jon Hatch the process for manufacturing the SPICCATO and Arpége violin bows, including trade secret formulas and methods, in France;
- In late 1999, on the basis of Peter Paul Prier's statement that he would sign the ProposedAgreement, Rolland wound up his business affairs in France, closed his studio manufacturing company in France and moved to Salt Lake City to found a bow-making school and assist the Prier family in the manufacture of the SPICCATO and Arpége violin bows;
- In December 1997, unknown to Rolland, Peter Prier incorporated Spiccato French American Bows, Inc. ("SFAB");
- No written agreement was ever signed documenting the business relationship that arose out of the Proposed Agreement between Rolland and the Defendants;
- In the Fall of 1999, Rolland was provided a document by Paul Prier ("Spiccato Business Plan");
- From October 1999 through May 2001, Rolland taught in a bow-making school, assisted defendants in the manufacture of carbon fiber bows in Salt Lake City and generally participated in and consulted in business with defendants;
- In January 2001, Pier and Hatch registered the Internet domain names www.benoitrolland.com and www.benoitrolland.net;
- In about May 2002, plaintiff Rolland became aware of a U.S. trademark application by defendant Spiccato French American Bows, Inc. for the mark SPICCATO and subsequently filed an opposition to the SPICCATO mark;

- On May 4, 2004, the mark BENOIT ROLLAND was registered on the Principal Registrar of the U.S. Patent and Trademark Office as Registration No. 2,837,856 naming Rolland as the Applicant and Registrant;

- On May 11, 2004, the B. ROLLAND mark was registered on the Principal Register of the U.S. Patent and Trademark Office as Registration No. 2,839,954 naming Rolland as the Applicant and Registrant;

- Rolland contends that defendants allowed the quality of the violin bows being manufactured under the mark SPICCATO to degenerate and following several e-mail messages in or around January and February 2003, Rolland stated that he did not and could not personally endorse any SPICCATO bow manufactured by defendants; and

- Rolland contends that defendants' use of the marks BENOIT ROLLAND and B. ROLLAND in their catalogs, advertising and web sites without the consent of Rolland, is in violation of Rolland's rights under 15 U.S.C. §§ 1114 and 1125, §§ 32 and 43(a) of The Lanham Trademark Act.

4. The Complaint requests preliminary and permanent injunctions enjoining defendants from using the federally registered trademarks BENOIT ROLLAND and B. ROLLAND and/or any likeness of Rolland in any advertisements or trade, including removing the name and image of Rolland from all web sites maintained by defendants, removing any reference to Rolland from any advertising of defendants, including removing all endorsements of artists giving personally to Rolland for bows made personally by Rolland, removing all reference to "Rolland" or any colorable or variation from any bow manufactured by defendants, and abandoning or transferring to Rolland the domain names incorporating Rolland's name or any recognizable portion thereof; and advertising, selling or offering for sale, promoting, displaying or otherwise publishing any bow under the name and mark SPICCATO or Arpége in the United States. This is a claim for injunctive relief under 15 U.S.C. § 1116.

The Complaint also prays for a dissolution of an alleged "partnership at will" between Rolland and defendants, a declaration that defendants materially breached a license agreement for

the use of the trademark rights from Rolland, a declaration that Rolland can terminate the license agreements of patent, trademark and know-how to defendants, an award of damages for defendants' breaches to Rolland, and an award of damages sustained as a result of defendants' willful violations of 15 U.S.C. §§ 1114 and 1125, M.G.L. c 214, § 3A and M.G.L. ch 93A as treble damages, an award of Rolland's attorneys' fees and any other such relief the Court deems necessary, the amount of which exceeds seventy-five thousand ($75,000.00) dollars. Such an amount is in excess of the jurisdictional minimum of this Court.

5.     Plaintiff, Rolland is a resident of Charlestown, Massachusetts residing and working at 21 Prescott Street (Suffolk County) and a citizen of France.

6.     Defendants, Peter Prier & Sons Violins, Inc., and Spiccato French American Bows, Inc. are Utah corporations having their headquarters and principle places of business in Salt Lake City, Utah. Defendants Peter Paul Prier, Paul Stewart Prier and Jon Hatch are individuals residing in Salt Lake City, Utah.

7.     This action may be properly removed to this Court, pursuant to 28 U.S.C. §§ 1331, 1332 and 1441, as:

(a)     This is a civil action in which this court has original jurisdiction;

(b)     The amount in controversy exceeds the sum of seventy-five thousand dollars ($75,000.00), exclusive of interests and costs, as attested to in the declaration of Paul Stewart Prier, an individual defendant in this civil action, attached hereto as Exhibit B;

(c)     Complete diversity of citizenship exists between plaintiff and defendants as admitted by the plaintiff in the Complaint at Paragraphs 1, 3, 4, 6 and 7; and as attested to in the declaration of Paul Stewart Prier, attached hereto as Exhibit B; and

(d)     This is a civil action involving a federal question in violation of 15 U.S.C. §§ 1114 and 1125, §§ 32 and 43(a) of The Lanham Trademark Act.

8. United States District Court, District of Massachusetts, embraces the place where the State court action is currently pending.

9. This Notice of Removal is being filed within thirty (30) days of defendant Paul Stewart Prier's receipt of the Summons and Complaint.

10. Written notice of the filing of this Notice of Removal will be given to plaintiff, and a copy of this Notice will be filed in the appropriate State Court as required by 28 U.S.C. § 1446(d).

11. In filing this Notice of Removal, defendants do not waive any defense that may be available to them.

**WHEREFORE**, defendants Peter Prier & Sons Violins, Inc., Spiccato French American Bows, Inc., Peter Paul Prier, Paul Stewart Prier and Jon Hatch, request that the above-captioned action now proceeding against it in the Superior Court of the Commonwealth of Massachusetts, be removed therefrom and proceed to this Court as an action duly removed.

Dated: June 30, 2004

Respectfully submitted,

/s/ John L. DuPré

John L. DuPré (BBO# 549659)
Mary K. Murray (BBO# 654194)
Hamilton, Brook, Smith & Reynolds, P.C.
530 Virginia Road
P.O. Box 9133
Concord, Massachusetts 01742-9133
Telephone: (978) 341-0036
Facsimile: (978) 341-0136
Attorneys for Defendants

Case 1:04-cv-11491-RWZ   Document 1   Filed 06/30/2004   Page 6 of 6

## CERTIFICATE OF SERVICE

I, Mary K. Murray, certify that a true copy of the above Notice of Removal was served on June 30, 2004, via first class mail upon Heidi E. Harvey, Fish & Richardson, P.C., 225 Franklin Street, Boston, Massachusetts 02110.

*Mary K. Murray*

Mary K. Murray

Date: June 30, 2004

@PFDesktop\::ODMA/MHODMA/HBSR05;iManage;482803;1