UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---------------------------------------------------------X
BENOÎT ROLLAND                            )
                                          )
                      Plaintiff,          )   Civil Action Number: 04 CV 11491 RWZ
                                          )
            v.                            )   MEMORANDUM IN SUPPORT OF
                                          )   MOTION TO DISMISS UNDER
PETER PRIER & SONS VIOLINS, INC.,         )   RULES 12(b)(2) AND (3) AS TO
SPICCATO FRENCH AMERICAN BOWS,            )   PETER PAUL PRIER FOR LACK OF
INC., PETER PAUL PRIER, PAUL STEWART      )   PERSONAL JURISDICTION AND
PRIER, and JON HATCH,                     )   IMPROPER VENUE
                                          )
                      Defendants.         )
---------------------------------------------------------X

This memorandum is in support of the Motion to Dismiss Under Rules 12(b)(2) and (3) as to Defendant Peter Paul Prier ("Peter") for lack of Personal Jurisdiction and Improper Venue.

## I. INTRODUCTION

The present action apparently relates to disputes among the Plaintiff, Benoît Rolland ("Rolland") and Defendants, Peter Prier & Sons Violins, Inc., Spiccato French American Bows, Inc., Peter, Paul Stewart Prier and Jon Hatch, over business associations, an alleged "partnership at will" and infringement of certain trademarks. Peter is named as an individual defendant in this action. Peter has no real connection to the Commonwealth of Massachusetts.

## II. STATEMENT OF FACTS

The pertinent facts respecting the Motion to Dismiss as to Peter for lack of personal jurisdiction and improper venue (the "Motion") are supported by the following facts:

1.  Peter was born in Germany, where he was trained to be a violin maker. ¶ 6, Peter Declaration.

2. After immigrating to the United States, Peter formed Peter Paul Prier Inc.("PPPI"), the name of which was later changed to Peter Prier & Sons, Inc. ("PPS"). ¶'s 3,4,6 Peter Declaration.

3. PPPI/PPS was created and operated for the purpose of making violins and teaching others to make violins. PPPI/PPS teaches others to make violins under the d/b/a "Violin Making School of America." ¶ 7, Peter Declaration.

4. Spiccato French American Bows, Inc. ("SFAB") is a Utah corporation formed in December, 1997, for the purpose of making and selling synthetical music bows, as opposed to traditional wooden bows. ¶'s 20, 26, Peter Declaration.

5. Peter, though an officer, is not involved in the day-to-day operations of SFAB, but rather devotes full time to the operation of PPPI/PPS. ¶ 21 Peter Declaration.; ¶ 3, Peter Supp. Declaration.

6. Over the last twenty-five years, Peter has been in Boston once (with his wife), but otherwise has never been in Massachusetts and has not personally transacted any business of any type within the Commonwealth of Massachusetts. ¶'s 22,56,57,71,72, Peter Declaration.

7. Peter has never personally been a partner in any partnership enterprise in which the Plaintiff, Benoît Rolland, was a partner. ¶'s 24, 25 Peter Declaration.

8. Peter has never personally been involved in the manufacture, marketing, or advertising of synthetic bows and does not control the quality of synthetic bows produced by SFAB and never has. ¶ 3, Peter Supp. Declaration.

9. Peter has never personally performed any service, solicited any business, sold any goods or engaged in any act in Massachusetts or elsewhere for any partnership, including any partnership in which Mr. Rolland claims to be a partner. ¶ 4, Peter Supp Declaration.

10. Peter has never personally or through a personal agent done anything in Massachusetts to harm or injure anyone. ¶ 15, Peter Supp. Declaration.

### III. ARGUMENT

#### A. The Court Lacks Personal Jurisdiction Over Peter

##### 1. Personal Jurisdiction Burden of Proof

In a Fed. R. Civ. P. 12(b)(2) motion, as here, the plaintiff bears the burden of establishing long arm and constitutionally justified jurisdiction over a defendant. *Boit v. Gor-Tec Products, Inc.*, 967 F.2d 671 (1st Cir. 1992).

The plaintiff cannot rest on the pleading but must "adduce evidence of specific facts" showing the defendant has a personal jurisdictional presence in the forum. *Foster-Miller, Inc. v. Babcock & Wilson Canada* 46 F.3d 138, 145 (1st Cir. 1995).

##### 2. Massachusetts Long Arm Statute

The Massachusetts long arm statute [Mass. Gen. Law 223A § 3], in pertinent part, authorizes personal jurisdiction if the person acts as to a cause of action arising from the person:

(a) transacting any business in the commonwealth;

(b) contracting to supply services or things in the commonwealth; or

(c) causing tortious injury by an act or omission in the commonwealth.

Peter, as an individual, has not directly or by an agent transacted any business in the Commonwealth of Massachusetts, contracted to supply services or other things in the

3

Commonwealth of Massachusetts or caused injury in the Commonwealth of Massachusetts. The only contact Peter had with the Commonwealth of Massachusetts was about fifteen years ago when Peter was in the Commonwealth on a single occasion.

### 3. The U.S. Constitutional Restraints

A defendant may be subjected to jurisdiction in a given forum only if the defendant has

> ...minimum contacts with the forum state so that the exercise of jurisdiction does not offend 'traditional notion of fair play and substantial justice. *International Shoe v. Washington*, 326 U.S. 310,316, 66 S.Ct. 154, 90 L.Ed 95 (1945) (quoting *Miliken v. Meyer*, 311 U.S. 457, 61 S.Ct. 339, 85 L.Ed 278 (1940)).

The "minimum contacts" standard involves three prongs, i.e. (1) relatedness, (2) personal availment, and (3) reasonableness. *Northern Lights Technology, Inc. v. Northern Lights Club et al.*, 97 F.Supp. 2d 96 (D. Mass. 2000).

To establish relatedness the claim must directly arise out of or relate to the defendant's forum-state activities. *Id.*

Personal availment requires that the defendant's in-state contact must represent a purposeful availment of the conducting of activities in the forum state thereby invoking the benefits and protections of that state's laws and making the defendant's involuntary presence before the state's courts foreseeable. *Id.*

Reasonableness is assessed on the basis of five gestalt factors, i.e.

> (1) The defendant's burden in appearing in the court; (2) the forum state's interest in hearing the suit; (3) the plaintiff's convenience and interest in effective relief; (4) the judicial system's interest in obtaining the most effective resolution of the controversy; and (5) the common interested of all interested states in promoting substantive social politics. *Id.*

4

Peter has not transacted any business in the Commonwealth, contracted to supply services, or cause tortuous injury in the Commonwealth of Massachusetts, therefore, Peter does not have minimum contacts with the Commonwealth and it would be unreasonable and improper under the U.S. Constitution to exercise personal jurisdiction over Peter. In applying the gestalt factors: (1) Defendant Peter would be burdened in appearing in a Court in the Commonwealth of Massachusetts; and (2) the Commonwealth of Massachusetts has little interest in hearing this action since no business was transacted in the Commonwealth and the Commonwealth was not contracted to supply services by Peter.

4. General and Specific Personal Jurisdiction

General jurisdiction exists when litigation is not directly founded on the defendant's forum-based contacts, but the defendant has, nonetheless, engaged in continuous and systematic activity, unrelated to the suit, in the foreign state. *See, United Elec., Radio And Mach. Workers of America v. 163 Pleasant St. Corp.*, 960 F.2d 1080, 1088 (1st. Cir. 1992) (citing *Helicopteros Nacionales De Columbia, S.A. v. Hall*, 466 U.S. 408, 414-16 & n.9 (1984)). Clearly, no basis for general jurisdiction over Peter has been alleged by Plaintiff Rolland and none exists.

With respect to specific jurisdiction, the Court of Appeals for the Federal Circuit in *Akro Corp. v. Luker*, 45 F.3d 1541, 1545-46, 33 U.S.P.Q. 2d 1505, 1508-09 (Fed.Cir.1995), outlined a three prong test for determining if specific jurisdiction exists: (1) whether the defendant purposefully directed activities at the residence of the forum; (2) whether the claim arises or is related to those activities; and (3) whether assertion of personal jurisdiction is reasonable and fair.

The only contact Peter has had as an individual with the Commonwealth of Massachusetts was over fifteen years ago. This single contact with the Commonwealth of Massachusetts does not satisfy the second prong of the *Akro* test as it does not involve a causive action arising directly or by an agent relating to Peter's activities in the Commonwealth of Massachusetts, the forum state in this action. *Id.* In addition, the Defendant Peter never purposefully directed personal activities at a resident in the Commonwealth of Massachusetts nor would the assertion of personal jurisdiction be fair and reasonable under the circumstances thereby not satisfying the first and third prongs of the *Akro* test. *Id.*

### 5. This Court Lacks Personal Jurisdiction over Peter Paul Prier

Peter personally satisfies none of the foregoing criteria mandated for personal jurisdiction in Massachusetts. He was personally in Massachusetts once, fifteen years ago, but did no business while in Massachusetts. (¶ 22, Peter Declaration.) He is a resident of Utah and all of his activities are in Utah. (¶ 1, Peter Declaration.) He has never personally done business in Massachusetts or caused tortious injury by an act or omission in the state. (¶'s 4 through 6, Peter Declaration.)

Peter is not a partner in any partnership, including the alleged one in which Rolland claims to be a partner. Nothing related to the causes of action asserted in the Complaint happened in Massachusetts, except Rolland recently moved here (¶'s 50,51, Peter Declaration).

6

B. Venue is Improper in Massachusetts

28 U.S.C. § 1391(b) states:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

All of the Defendants in this action reside in the State of Utah. The Commonwealth of Massachusetts is not a judicial district in which a substantial part of events giving rise to this action occurred. The Commonwealth of Massachusetts is not a judicial district in which any of the Defendants can be found since there is another venue, Utah, in which this action may be brought. Clearly, venue is not proper pursuant to 28 U.S.C. § 1391(b).

## IV. CONCLUSION

Peter personally has done no business in Massachusetts and has personally caused no tortious injury in Massachusetts. Peter personally has no contacts at all with Massachusetts, and, therefore, does not have minimum contacts with Massachusetts. Accordingly, there is no relatedness, no personal availments and continuing to involve Peter personally in litigation in Massachusetts would be unreasonable. There is no general or specific personal jurisdiction over Peter in Massachusetts. The complaint should be dismissed as to Peter personally because this Court clearly lacks personal jurisdiction over him, as an individual.

The action should also be dismissed under Rule 12(b)(3) because venue is improper under 28 U.S.C. § 1391(b).

If the Court determines, however, that there is personal jurisdiction over Defendant Peter, the action should be transferred to Utah pursuant to 28 U.S.C. § 1404 because venue is proper in Utah, and the convenience of the parties and witnesses and interests of justice support such a transfer. (¶s 18-20, Peter Supp. Declaration.)

Dated: July 30, 2004

Respectfully Submitted,
PETER PRIER & SONS VIOLINS, INC., et al.
By their attorneys,

_____
John L. DuPré (BBO #549659)
Mary K. Murray (BBO #654194)
Hamilton, Brook, Smith & Reynolds, P.C.
530 Virginia Road
P.O. Box 9133
Concord, MA 01742-9133
Telephone: (617)341-0036
Attorneys for Defendants

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail on July 30, 2004.

_____
Mary K. Murray

@PFDesktop\::ODMA/MHODMA/HBSR05;iManage;489949;1

8