UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------------------------------------X
BENOÎT ROLLAND                          )
                                        )
                Plaintiff,              )   Civil Action Number: 04 CV 11491 RWZ
                                        )
        v.                              )   MEMORANDUM IN SUPPORT OF
                                        )   MOTION TO DISMISS UNDER
PETER PRIER & SONS VIOLINS, INC.,       )   RULES 12(b)(2) AND (3) AS TO
SPICCATO FRENCH AMERICAN BOWS,          )   PAUL STEWART PRIER FOR LACK
INC., PETER PAUL PRIER, PAUL STEWART    )   OF PERSONAL JURISDICTION AND
PRIER, and JON HATCH,                   )   IMPROPER VENUE
                                        )
                Defendants.             )
------------------------------------------------------------X

This memorandum is in support of the Motion to Dismiss Under Rules 12(b)(2) and (3) as to Defendant Paul Stewart Prier ("Paul") for lack of Personal Jurisdiction and Improper Venue.

## I. INTRODUCTION

The present action apparently relates to disputes among the Plaintiff, Benoît Rolland ("Rolland") and Defendants, Peter Prier & Sons Violins, Inc., Spiccato French American Bows, Inc., Peter Paul Prier, Paul and Jon Hatch, over business associations, an alleged "partnership at will" and infringement of certain trademarks. Paul is named as an individual defendant in this action. Paul has no real connection to the Commonwealth of Massachusetts.

## II. STATEMENT OF FACTS

The pertinent facts respecting the Motion to Dismiss as to Paul for lack of personal jurisdiction (the "Motion") is supported are:

1.  Paul is a son of Peter Paul Prier and the brother-in-law of Jon Hatch. ¶ 3, Paul Declaration.

2.  Peter Paul Prier, Inc. ("PPPI") was formed as Utah corporation and has at all times remained a Utah corporation. At all times relevant, Paul has been a Vice- President of PPPI. Paul's father, Peter, has operated PPPI on a day-to-day basis. PPPI has always operated in Salt Lake City, Utah. ¶ 4, Paul Declaration.

3.  The name was changed on October 18, 1999 from PPPI to Peter Prier & Sons Violins, Inc. ("PPS"). The name was changed to reflect the fact that Peter's sons joined him in this business. ¶ 5, Paul Declaration.

4.  PPPI/PPS was created and operated for the purpose of making violins and teaching others to make violins. The name "Violin Making School of America" has been used, as a d/b/a under auspice of PPPI/PPS, to identify the school for teaching the art of making violins. ¶ 7, Paul Declaration.

5.  Mr. Rolland was never a partner in any business involving any of the defendants. ¶s 20,24,43,70,71,73, Paul Declaration.

6.  Paul has never personally transacted any business of any type in the Commonwealth of Massachusetts. ¶ 22, Paul Declaration.

7.  All synthetic bow manufacturing and sales since about December, 1997 in Salt Lake City have taken place exclusively under the auspices of SFAB, not by Paul personally. ¶ 27, Paul Declaration.

8.  Mr. Rolland claimed he personally owned intellectual property in the form of trademarks, trade secrets, and patents. Mr. Rolland licensed or sold, those rights exclusively first to PPPI/PPS and then to SFAB. ¶'s 30-38, 44, 46, Paul Declaration. ¶ 23(z), Paul Supp. Declaration.

9. Paul has never acted in a personal capacity in respect to the alleged wrongs set forth in the Complaint in this matter, nor has he ever directed SFAB or any other business to dishonor or violate the rights of Benoit Rolland. ¶ 59, Paul Declaration.

10. Paul has never had any personal activities which created a personal jurisdiction presence in the Commonwealth of Massachusetts, including but not limited to conducting any personal business in the Commonwealth. ¶ 60, Paul Declaration.

11. None of the individual defendants, including Paul, undertook any personal obligation to Mr. Rolland nor to SBR (La Societe Benoit Rolland, a French Company) concerning the synthetic bow. ¶ 74, Paul Declaration.

12. Paul has personally performed no service, solicited no business, sold no goods and engaged in no act in the Commonwealth of Massachusetts or elsewhere for any partnership, including but not limited to one in which Mr. Rolland is or claims to be a partner. ¶ 3, Paul Supp. Declaration.

13. Paul has never personally or through a personal agent done anything in the Commonwealth of Massachusetts to injure or harm anyone. ¶ 24, Paul Supp. Declaration.

### III. ARGUMENT

#### A. The Court Lacks Personal Jurisdiction Over Peter

##### 1. Personal Jurisdiction Burden of Proof

In a Fed. R. Civ. P. 12(b)(2) motion, as here, the plaintiff bears the burden of establishing long arm and constitutionally justified jurisdiction over a defendant. *Boit v. Gor-Tec Products, Inc.*, 967 F.2d 671 (1st Cir. 1992).

The plaintiff cannot rest on the pleading but must "adduce evidence of specific facts" showing the defendant has a personal jurisdictional presence in the forum. *Foster-Miller, Inc. v. Babcock & Wilson Canada* 46 F.3d 138,145 (1st Cir. 1995).

2. The Long Arm Statute

The Massachusetts long arm statute [Mass. Gen. Law 223A § 3] in pertinent part authorizes personal jurisdiction if the person acts as to a cause of action arising from the person:

(a) transacting any business in the commonwealth;

(b) contracting to supply services or things in the commonwealth; or

(b) causing tortious injury by an act or omission in the commonwealth

Paul, as an individual, has not directly or by an agent transacted any business in the Commonwealth of Massachusetts, contracted to supply services or other things in the Commonwealth of Massachusetts or caused injury in the Commonwealth of Massachusetts. Paul personally has no contacts with the Commonwealth of Massachusetts, and, therefore, does not have minimum contacts with the Commonwealth of Massachusetts.

3. The U.S. Constitutional Restraints

A defendant may be subjected to jurisdiction in a given forum only if the defendant has

> ...minimum contacts with the forum state so that the exercise of jurisdiction does not offend 'traditional notion of fair play and substantial justice. *International Shoe v. Washington*, 326 U.S. 310,316, 66 S.Ct. 154, 90 L.Ed 95 (1945) (quoting *Miliken v. Meyer*, 311 U.S. 457, 61 S.Ct. 339, 85 L.Ed 278 (1940)).

The "minimum contacts" standard involves three prongs, i.e. (1) relatedness, (2) personal availment, and (3) reasonableness. *Northern Lights Technology, Inc. v. Northern Lights Club et al.*, 97 F.Supp. 2d 96 (D. Mass 2000).

4

To establish relatedness the claim must directly arise out of or relate to the defendant's forum-state activities. *Id.*

Personal availment requires that the defendant's in-state contact must represent a purposeful availment of the conducting of activities in the forum state thereby invoking the benefits and protections of that state's laws and making the defendant's involuntary presence before the state's courts foreseeable. *Id.*

Reasonableness is assessed on the basis of five gestalt factors, i.e.

> (1) The defendant's burden in appearing in the court; (2) the forum state's interest in hearing the suit; (3) the plaintiff's convenience and interest in effective relief; (4) the judicial system's interest in obtaining the most effective resolution of the controversy; and (5) the common interested of all interested states in promoting substantive social politics. *Id.*

Paul has not transacted any business in the Commonwealth, contracted to supply services, or cause tortuous injury in the Commonwealth of Massachusetts, therefore, Paul does not have minimum contacts with the Commonwealth and it would be unreasonable and improper under the U.S. Constitution to exercise personal jurisdiction over Paul. In applying the gestalt factors: (1) Defendant Paul would be burdened in appearing in a Court in the Commonwealth of Massachusetts; and (2) the Commonwealth of Massachusetts has little interest in hearing this action since no business was transacted in the Commonwealth and the Commonwealth was not contracted to supply services by Paul.

4. General and Specific Personal Jurisdiction

General jurisdiction exists when litigation is not directly founded on the defendant's forum-based contacts, but the defendant has, nonetheless, engaged in continuous and systematic activity, unrelated to the suit, in the foreign state. *See, United Elec., Radio And Mach. Workers*

*of America v. 163 Pleasant St. Corp.*, 960 F.2d 1080, 1088 (1st. Cir. 1992) (citing *Helicopteros Nacionales De Columbia, S.A. v. Hall*, 466 U.S. 408, 414-16 & n.9 (1984)). Clearly, no basis for general jurisdiction over Paul has been alleged by Plaintiff Rolland and none exists.

With respect to specific jurisdiction, the Court of Appeals for the Federal Circuit in *Akro Corp. v. Luker*, 45 F.3d 1541, 1545-46, 33 U.S.P.Q. 2d 1505, 1508-09 (Fed.Cir.1995), outlined a three prong test for determining if specific jurisdiction exists: (1) whether the defendant purposefully directed activities at the residence of the forum; (2) whether the claim arises or is related to those activities; and (3) whether assertion of personal jurisdiction is reasonable and fair.

Paul has not purposefully directed activities at a resident in the Commonwealth of Massachusetts, the forum State in this action, nor would the assertion of personal jurisdiction be fair and reasonable under the circumstances thereby not satisfying the first and third prongs of the *Akro* test. *Id.*

### 5. This Court Lacks Personal Jurisdiction over Paul Stewart Prier

Paul personally satisfies none of the foregoing criteria mandated for personal jurisdiction in Massachusetts. He is a resident of Utah and all of his activities are in Utah. He has never personally done business in Massachusetts or caused tortious injury by an act or omission in that state. All synthetic bow business in Massachusetts and elsewhere has been by SFAB under license from the Plaintiff, and not by Paul, in a personal capacity.

Paul is not a partner in any partnership, including the alleged one in which Rolland claims to be a partner. Nothing related to the causes of action asserted in the Complaint happened in Massachusetts, except Rolland recently moved here. (¶s 49, 50, Paul Declaration).

B. Venue is Improper in Massachusetts

    28 U.S.C. § 1391(b) states:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

All of the Defendants in this action reside in the State of Utah. The Commonwealth of Massachusetts is not a judicial district in which a substantial part of events giving rise to this action occurred. The Commonwealth of Massachusetts is not a judicial district in which any of the Defendants can be found since there is another venue, Utah, in which this action may be brought. Clearly, venue is not proper pursuant to 28 U.S.C. § 1391(b).

## IV. CONCLUSION

Paul personally has done no business in Massachusetts and has personally caused no tortious injury in Massachusetts. Paul personally has no contacts at all with Massachusetts, and, therefore, does not have minimum contacts. Accordingly, there is no relatedness, no personal availments and continuing to involve Paul personally in litigation in Massachusetts would be unreasonable under the five gestalt factors. There is no general or specific personal jurisdiction over Paul in Massachusetts. The Complaint should be dismissed as to Paul personally because this Court clearly lacks personal jurisdiction over him, as an individual.

The action should also be dismissed under Rule 12(b)(3) because venue is improper under 28 U.S.C. § 1391(b).

If the Court determines, however, that there is personal jurisdiction over Defendant Paul, the action should be transferred to Utah pursuant to 28 U.S.C. § 1404 because venue is proper in Utah, and the convenience of the parties and witnesses and interests of justice support such a transfer. (¶s 27-29, Paul Supp. Declaration).

Dated: July 30, 2004

Respectfully Submitted,
PETER PRIER & SONS VIOLINS, INC., et al.
By their attorneys,

John L. DuPré (BBO #549659)
Mary K. Murray (BBO #654194)
Hamilton, Brook, Smith & Reynolds, P.C.
530 Virginia Road
P.O. Box 9133
Concord, MA 01742-9133
Telephone: (617)341-0036
Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail on July 30, 2004.

Mary K. Murray

@PFDesktop\::ODMA/MHODMA/HBSR05;iManage;490154;1