UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BENOÎT ROLLAND,<br><br>Plaintiff,<br><br>v.<br><br>PETER PRIER & SONS VIOLINS, INC., SPICCATO FRENCH AMERICAN BOWS, INC., PETER PAUL PRIER, PAUL STEWART PRIER, and JON HATCH,<br><br>Defendants. | Civil Action No. 04-11491 RWZ |

**PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION; CERTIFICATE OF CONFERENCE PURSUANT TO L.R. 7.1**

Plaintiff seeks a preliminary injunction against the defendants' continued promotion and sale of violin, viola, and cello bows bearing plaintiff's name, Benoît Rolland, or any variant of it, as well as recall of all bows bearing plaintiff's name made by defendants via their "new" and unauthorized manufacturing process. Plaintiffs also seek an order requiring defendants to cease use of all artist endorsements, such as those by Lord Yehudi Menuhin and Jean-Luc Ponty, which were obtained personally by Benoît Rolland for bows made under Mr. Rolland's design, manufacturing, and quality control standards. Plaintiffs also seek an order requiring defendants, or permitting plaintiff, to give notice to retailers and distributors that defendants bows are made by a new process which Benoît Rolland does not endorse and the retailers and distributors may no longer use Mr. Rolland's name in connection with the sale or promotion of defendants' bows.

As shown in the photograph (attached and explained in the Rolland Declaration submitted with this motion), the bows being shipped by defendants, including substantial and recent shipments to retailers in Massachusetts, are defective and warp under tension, resulting in

uneven playability and bouncing on the instrument (Rolland Decl., ¶ 33 and Exhibit 7)



Each of these bows bears plaintiff's name, and plaintiff is suffering immediate and irreparable harm as a result of the presence of these bows in Massachusetts. (Rolland Decl., ¶ 40 and Exhibit 11).



As explained in the supporting declaration and memorandum, the defects result in a design and manufacturing change that defendants admit they have made ("Among other things, heat injection is utilized with new multi-cavity molds." Declaration of Jon Hatch, paragraph 45), which they adopted without plaintiff's input or approval.

Plaintiff faces immediate and irreparable harm from the presence in Massachusetts and elsewhere of large quantities of defective bows bearing his name, but the harm is greatest here where he lives and works with an illustrious clientele of performing artists. Massachusetts is a worldwide center for classical music performance and study. Students, faculty, and professional musicians are returning to Massachusetts now from their summer hiatus. Students are buying bows, and faculty are scheduling lessons. Conductors and performers are rehearsing and scheduling performances. Plaintiff's reputation and livelihood are seriously threatened by the substantial likelihood that the defective bows made by the defendants, but bearing plaintiff's personal name, will come into the hands of the musicians and students here. (Rolland Decl., ¶ 53).

Defendants' position is a confused mix of outright denial and back-pedaling, which demonstrates consciousness of the wrong and determination to keep trading on plaintiff's name at the same time.

In the declarations in support of their motions to dismiss, defendants assert that the quality of the bows is "significantly higher than bows made using Mr. Rolland's" techniques, Supplemental Declaration of Jon Hatch, paragraph 22, and that the defendants, not the plaintiff, somehow own the right to the plaintiff's name, Declaration of Peter Paul Prier, paragraphs 62, 67, 69, and 70.

On the other hand, "not that it has any legal duty to do so, SFAB deleted Mr. Rolland's image and curriculum vitae from its web site <u>prior to this litigation</u>," Supplemental Declaration of Paul Stewart Prier, paragraph 21 (emphasis supplied), and asserted, through counsel, that no injunction was necessary because

> Defendant Spiccatto French American Bows has already taken substantial steps to stop use of the name and image of Benoit Rolland. It has been removed from the website and all promotional materials and soon will be removed permanently from the bows.

E-mail message of John DuPre, Esq., attorney for defendants, dated August 2, 2004, attached as Exhibit 1 to the Certificate of Conference that appears at the end of this motion.

The engraving of plaintiff's name is the last step in the manufacturing process, and there is no legitimate reason why defendants could not have ceased use of plaintiff's name <u>on the bows</u> at the same time they assert they did on their websites. Indeed, as the last step, the engraving is also an extra step, and defendants could have increased the pace at which they shipped bows by simply <u>omitting</u> the step of engraving the name altogether.

While defendants removed Benoît Rolland's name from their website (for the time being since defendants also assert they own his name), they <u>retained</u> the artist endorsements that Mr. Rolland personally obtained for bows made according to his design and manufacturing standards, in some cases long before the defendants even had any manufacturing rights. (Rolland Decl., ¶¶ 37-40).

The page with Mr. Ponty's testimonial quotes him as saying, "You have created the bow of the 21st century, my favorite" and shows Mr. Ponty's picture. The "you" that Mr. Ponty is referring to is plaintiff Benoît Rolland, not defendants, because Mr. Ponty gave Mr. Rolland this endorsement personally in 1994 for bows made according to Mr. Rolland's standards and under his personal supervision at his company in France. (Rolland Decl., ¶¶ 36, 38 and Exhibit 10).

4

The same condition holds true for each artist listed under "classical musicians" on the defendants' web page: each was obtained personally by plaintiff Rolland and only after the artist had the opportunity to use and endorse a bow made according to plaintiff's exacting standards. (Rolland Decl., ¶ 37). Defendants deceive the public and harm plaintiff Rolland's important relationships with these artists by continuing to use the endorsements for defective bows made under a new and different process.

The facts in support of this motion are set forth in the Declaration of Benoit Rolland, and the facts and law in support of the motion are discussed in the accompanying memorandum entitled Plaintiff's Memorandum in Support of Preliminary Injunctive Relief and Jurisdictional Discovery.

The form of requested preliminary injunction order is submitted with this motion.

WHEREFORE, for the foregoing reasons, plaintiff Rolland respectfully requests that the Court grant this motion.

Dated: August 23, 2004

Heidi E. Harvey (BBO #548114)
Denis Ticak (BBO #656536)
FISH & RICHARDSON P.C.
225 Franklin Street
Boston, MA 02110-2804
TEL: (617) 542-5070

OF COUNSEL:

Robert A. Stein
Robert Stein and Associates, PLLC
One Barberry Lane
Concord, NH 03301
TEL: (603) 228-1109
Attorneys for Plaintiff

# Heidi Harvey

**From:** John DuPre [John.DuPre@hbsr.com]
**Sent:** Monday, August 02, 2004 4:58 PM
**To:** Heidi Harvey
**Cc:** Lynn Foster
**Subject:** FW: Rolland v. Prier

Heidi,

The Defendants in the Benoit Rolland litigation respectfully disagree with Mr. Rolland's thesis that Spiccato French American Bows, Inc., while once licensed to do so, has forfeited the right to continue to use the marks B. Rolland, Benoit Rolland, and/or Mr. Rolland's countenance because quality control is unacceptably low. To the contrary, quality has never been higher.

In light of this we have considered your request for consent to your proposed Motion for a Preliminary Injunction. We understand that the motion would be principally directed to the defendants' purported use of the name and likeness of Benoit Rolland. As such the motion is unnecessary and we will not consent to the Motion. Defendant Spiccatto French American Bows has already taken substantial steps to stop use of the name and image of Benoit Rolland. It has been removed from the website and all promotional materials and soon will be removed permanently from the bows. Even if you assumed that there was a basis for Plaintiff to prevail on the merits, which there is not, these actions by Spiccatto French American Bows eliminate any basis for the irreparable harm that must exist for a preliminary injunction to issue. The other defendants have been making no use of the name and image and thus there is no basis for them to be preliminarily enjoined.

However, despite our response to your request on this one issue, defendants are always ready to consider reasonable terms for global settlement of all issues. If you have such terms in mind, please make a reasonable proposal. The Defendants believe that piecemeal resolution is very ill-advised.

Please let us know if you have any questions on these matters.

John

-----Original Message-----
**From:** Heidi Harvey [mailto:Harvey@fr.com]
**Sent:** Friday, July 30, 2004 1:04 PM
**To:** John DuPre; Mary Murray
**Cc:** Robert Stein (E-mail); Lynn Foster
**Subject:** Rolland v. Prier

Dear Mary,

This confirms your request, earlier this week, for my assent to a motion to admit Lynn Foster pro hac vice in this action. Per my voice mail message to you, I confirmed that you could file an assented to motion and I see by electronic notice today that such a notice was filed.

Yesterday you called again and asked whether we would assent to a motion to "dismiss for lack of personal jurisidiction and improper venue" as to all the defendants. We do not assent, which I confirm by this email message.

While we are on the subject of motions, please let me know if you will assent to a motion for a preliminary injunction against any use by the defendants of Benoit Rolland's name or image on or in connection with any products made by the defendants, in promotion of its products or services, or in any advertising, web page, or other media that suggests endorsement, approval, or participation of Benoit Rolland in the products made by defendants. As alleged in our papers, the bows made with the new molds are defective, vary substantially from the specifications provided by Mr. Rolland, and are causing immediate irreparable harm to his substantial name and reputation, including here in the Commonwealth of Massachusetts where they are being sold. In particular the presence of his name on each bow works irreparable harm to Mr. Rolland at every level of the trade from distributors and retailers through teachers, conductors, students, and performers. We also note that the word "Paris" on the bows is geographically misdescriptive. We demand that defendants agree to remove all references to Mr. Rolland from their website, product literature, and from bows being manufactured immediately, including all celebrity endorsements, which were obtained personally by Mr. Rolland and with reference to prior bows made in the molds created personally by Mr. Rolland.

Very truly yours,

Heidi E. Harvey
Fish & Richardson P.C.
225 Franklin Street
Boston, MA 02110
(617) 521-7815
harvey@fr.com

*************************************************************
This email and any files transmitted with it are confidential and
intended solely for the use of the individual or entity to whom they
are addressed. If you have received this email in error please notify
the system manager.

This footnote also confirms that this email message has been swept by
MIMEsweeper for the presence of computer viruses.

www.mimesweeper.com
*************************************************************

# Heidi Harvey

| | |
|---|---|
| **From:** | John DuPre [John.DuPre@hbsr.com] |
| **Sent:** | Monday, August 23, 2004 1:25 AM |
| **To:** | Heidi Harvey |
| **Cc:** | Lynn Foster (E-mail); Mary Murray; Robert Stein (E-mail) |
| **Subject:** | RE: Motion for Discovery and for Preliminary Injunction |

Heidi,

I will be checking with my co-counsel in Utah, but unless you hear from us to the contrary, you should assume that defendants will not consent to and will oppose any request for a preliminary injunction, which we believe is not warranted in this case. As a preliminary matter, we understand that plaintiff may not have standing to be entitled to the relief he seeks. With respect to the portion of the proposed order on jurisdictional discovery, you again should assume that defendants will not consent to and will oppose discovery beyond that set forth in my email dated August 20, 2004. If you think that it would be helpful for us to prepare a draft of a proposed order that would be acceptable to defendants, let us know. However, if you continue to insist on depositions at this time, we look forward to the receipt of your papers.

John


-----Original Message-----
From: Heidi Harvey [mailto:Harvey@fr.com]
Sent: Sunday, August 22, 2004 8:02 PM
To: John DuPre
Cc: Lynn Foster (E-mail); Mary Murray; Robert Stein (E-mail)
Subject: Motion for Discovery and for Preliminary Injunction


Dear John,

I am writing to see whether or not the defendants will re-consider their position and agree to the jurisdictional discovery per the offer of compromise that you made and we accepted. We have revised the discovery order we are seeking to reflect the agreement, and it is reciprocal.

The plaintiff is also seeking a preliminary injunction against any use of Benoit Rolland's name or image. Earlier when I asked if the defendants would agree to an injunction against the use of his name and image, you responded both that the defendants had not forfeited the right to use his name and image and that our requests were moot. The obvious conclusion is that your clients continue to claim they have the right to resume at any time, and we are therefore entitled to an injunction to ensure that they don't and also to ensure that their mere representations, which frankly lack all credibility at this point, are backed by something a bit more reassuring, such as the contempt powers of the federal court.

More importantly, the greatest harm to Mr. Rolland is occurring from the presence in the marketplace of substantial quantities of defective bows bearing his name, something that the defendants could have ceased pre-suit just as easily as taking down their websites, but did not do. Therefore, we are asking the Court to require defendants to identify the start date of the new process and all bows made under and recall any and all made under the new process that bear Mr. Rolland's name. We are also asking the Court to require the defendants to immediately cease use of the artist endorsements that Mr. Rolland obtained personally for bows made according to his techniques (each artist listed on the "new" website under classical musicians and jazz musicians).

1

We are also asking the Court to require defendants, or to permit plaintiff, to notify retailers and distributors that the bows are made by a new process that Benoit Rolland no longer endorses and that retailers and distributors may no longer use his name in any way in connection with the sale or promotion of the bows.

The proposed order we will submit to the Court tomorrow is attached. Because of the urgency of the injunction matter, please let me have your response no later than 3 p.m. on Monday.

Very truly yours,

Heidi Harvey

 <<Order (Proposed).doc>>

***************************************************************
This email and any files transmitted with it are confidential and intended solely for the use of the individual or entity to whom they are addressed. If you have received this email in error please notify the system manager.

This footnote also confirms that this email message has been swept by MIMEsweeper for the presence of computer viruses.

www.mimesweeper.com
***************************************************************

2