UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

BENOÎT ROLLAND,

    Plaintiff,

v.

PETER PRIER & SONS VIOLINS, INC.,
SPICCATO FRENCH AMERICAN BOWS,
INC., PETER PAUL PRIER, PAUL STEWART
PRIER, and JON HATCH,

    Defendants.

Civil Action No. 04-11491 RWZ

# PLAINTIFF'S OPPOSITION, IN PART, TO DEFENDANTS' MOTIONS TO DISMISS

# PLAINTIFF'S MOTION FOR LIMITED JURISDICTIONAL DISCOVERY

# CERTIFICATE OF CONFERENCE PURSUANT TO L.R. 7.1

The defendants' motions to dismiss as to defendant SFAB must be dismissed as the record clearly establishes significant and ongoing contacts with the Commonwealth relating to the cause of action. As to the other defendants, the motions must also be denied because plaintiff has shown that the other defendants have directly participated in the actions of defendant SFAB that are causing the plaintiff injury. Alternatively, the Court should, in the exercise of its discretion and in advance of the Initial Rule 16 conference, permit plaintiff to take limited discovery of inaccessible facts in the defendants' possession, which will establish proper personal jurisdiction of all parties in the Commonwealth of Massachusetts.

During the process of conferring with opposing counsel prior to filing this motion, the defendants' Massachusetts counsel, in an e-mail copied to defendants' Utah counsel, proposed a compromise of reciprocal jurisdictional discovery limited to 10 written requests and depositions

of no more than four (4) hours per individual, the depositions to be conducted at the location of the deponent's residence. The plaintiff's agreed to defendants' offer of compromise and was in the process of memorializing the agreement when defendants' Utah counsel reneged on the offer of compromise.

This sequence of events is set forth in the Certificate of Conference at the end of this motion. Because the plaintiff seeks no more than the exact discovery that defendants offered to engage in, plaintiff submits that there is no prejudice to defendants in holding them to their agreement and far less prejudice to them than denying their motions.

Plaintiff has, in a separately filed motion, sought a preliminary injunction in this matter. Because the facts and law relating to the defendants' contacts with Massachusetts are closely related to and overlapping with the facts and law related to the irreparable harm that defendants are causing plaintiffs here, for economy of briefing, a single memorandum in support of both motions entitled Plaintiff's Memorandum in Support of Preliminary Injunction and Jurisdictional Discovery has been filed with this motion.

Both motions are also supported by the Declaration of Benoît Rolland.

A proposed order for Preliminary Injunction and Jurisdictional Discovery has also been filed with this motion.

WHEREFORE, for the foregoing reasons, plaintiff Rolland respectfully requests that the Court grant this motion.

Dated: August 23, 2004

*[signature]*

Heidi E. Harvey (BBO #548114)
Denis Ticak (BBO #656536)
FISH & RICHARDSON P.C.
225 Franklin Street
Boston, MA  02110-2804
TEL: (617) 542-5070

OF COUNSEL:

Robert A. Stein
Robert Stein and Associates, PLLC
One Barberry Lane
Concord, NH  03301
TEL: (603) 228-1109
Attorneys for Plaintiff

## CERTIFICATE PURSUANT TO L.R. 7.1

In a good faith effort to avoid the need for this motion, or to narrow the areas in dispute, Plaintiff Rolland, through its counsel, requested that defendants agree to provide some or all of the discovery requested. Plaintiff's counsel also requested that defendants agree to an additional 10 calendar days after receipt of the requested discovery for plaintiff to file its opposition to the motion to dismiss.

The request was made by e-mail message to John DuPre, local counsel to defendants, with a copy to Lynn Foster, lead counsel for the defendants, on August 12, 2004.

On August 13, 2004, defendants' Massachusetts counsel advised that the issues raised were complex and therefore he would need additional time to confer with his clients in Utah and their Utah counsel, Mr. Foster. To avoid pre-empting a discussion that might lead to compromise, the undersigned requested a one-day extension of time to respond, to which Mr. DuPre agreed. The extension would permit Mr. DuPre time over the weekend to confer with his clients.

On Monday, August 16, 2004, Mr. Dupre made an offer of compromise on discovery in an e-mail that was copied to defendants' Utah counsel, Mr. Foster. The undersigned requested one additional day to discuss the compromise with co-counsel and her client. The parties again agreed to a one-day extension of time.

On Tuesday, August 17, 2004, plaintiff's counsel agreed to the offer of limited jurisdictional discovery and asked Mr. DuPre if he wished to draft the proposed assented to motion and order. Mr. DuPre suggested that the undersign draft the order in the first instance and also suggested that the parties enter into a 5-day extension of time to permit finalization of the agreement. Thus, a third motion for a five-day extension of time was filed.

On Wednesday, August 18, 2004, Mr. Foster reneged on the offer of compromise that had been made by defendants' Massachusetts counsel two days earlier and accepted by plaintiff one day earlier. He refused to agree to discovery of any defendant other than defendant SFAB.

The undersigned pointed out that discovery of the other defendants was more or less the point of the motion and that therefore his new proposal was not acceptable.

Because plaintiff agreed to the offer of compromise and views it as a binding agreement, plaintiff revised its request for discovery here to conform to the agreement reached.

On August 23, 2004, before filing this motion, plaintiff put the requested jurisdictional discovery order to both Mr. DuPre and Mr. Foster once again and asked if they would now agree to any part of it. They stated that they would not agree to any discovery.

The communications above took place by e-mail, which are collected in Exhibit 1.

_____
Heidi E. Harvey

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of PLAINTIFF'S OPPOSITION, IN PART, TO DEFENDANTS' MOTIONS TO DISMISS; PLAINTIFF'S MOTION FOR LIMITED JURISDICTIONAL DISCOVERY; CERTIFICATE OF CONFERENCE PURSUANT TO L.R. 7.1 was served upon the attorney of record for each other party by Federal Express on August 23, 2004.

_____

20920349.doc