UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---------------------------------------------------------X
BENOÎT ROLLAND,                              )
                                             )   Civil Action Number: 04CV11491 RWZ
           Plaintiff,                        )
                                             )   **DEFENDANTS' MEMORANDUM OF**
       v.                                    )   **LAW IN SUPPORT OF OPPOSITION**
                                             )   **TO PLAINTIFF'S MOTION FOR LIMITED**
PETER PRIER & SONS VIOLINS, INC.,            )   **JURISDICTIONAL DISCOVERY AND**
SPICCATO FRENCH AMERICAN BOWS,               )   **IN SUPPORT OF MOTION FOR A STAY**
INC., PETER PAUL PRIER, PAUL STEWART         )   **OR IN THE ALTERNATIVE, FOR AN**
PRIER, and JON HATCH,                        )   **EXTENSION OF TIME TO RESPOND**
                                             )   **TO PLAINTIFF'S MOTION**
           Defendants.                       )
---------------------------------------------------------X

Defendants submit this Memorandum of Law in support of its Opposition to Plaintiff's Request for Jurisdictional Discovery and in support of its Motion for a Stay or, in the alternative, for an Extension of Time under Rule 6(b), Fed.R.Civ.P., with respect to Plaintiff's motion for a preliminary injunction. This is Defendants' first request for an extension to respond to Plaintiff's Motion for a Preliminary Injunction.

1.   The Court should Stay the Briefing and Hearing on Plaintiff's
     Motion until the Motions to Dismiss have been Decided.

The Court has discretion to decide its own schedule and may grant stays where appropriate to secure just, speedy and inexpensive determination of an action. Rule 1, Fed.R.Civ.P. The Complaint which was filed on May 24, 2004 presents complex factual and legal theories. Questions of jurisdiction and improper venue are presently before the Court on Defendants' Motions to Dismiss, filed on July 30, 2004. Before these questions were decided, Plaintiff moved on August 23, 2004 for a Preliminary Injunction. It is proper to defer determination of the Preliminary Injunction pending resolution of the jurisdictional motions. *Cadman v. Bond*, 603 F. Supp. 1335 (D. Mass. 1985). If it is found that no

personal jurisdiction exists, then a Motion for Preliminary Injunction should be denied as moot. *Ecological Systems Technology, L.P. v. Wildlife Ecosystems, LLC*, 142 F. Supp. 122 (D. Mass. 2000). In the absence of personal jurisdiction the "Court is without authority to pass on the preliminary injunction." *High Country Investor, Inc. v. McAdams, Inc.*, 221 F. Supp. 99, 104 (D. Mass. 2002). To ensure a resolution of this case that is just, speedy and inexpensive, Defendants request that the Court stay what may well be unnecessary briefing and hearing on Plaintiff's Motion until jurisdiction is established over the Defendants.

2. <u>Plaintiff is Entitled to at most Limited Jurisdictional Discovery, that does not include Depositions.</u>

In Plaintiff's papers it is clear that Plaintiff is very well informed on facts relevant to jurisdiction and does not have an adequate basis to allege jurisdiction over at least four of the five defendants. The papers attempt to allege jurisdiction over the fifth defendant, but the allegations appear to relate to recent occurrences that were not known to plaintiff at the time of filing and in some respects, if true, did not occur until after filing. Plaintiff cannot substitute post-filing discovery for the absence of a pre-filing basis to assert jurisdiction. *See*, Rule 11, Fed.R.Civ.P.

In addition to moving for a preliminary injunction and opposing defendants' motion to dismiss, plaintiff moved for jurisdictional discovery, including with his papers a proposed Order allowing for jurisdictional discovery. As part of the conferring process before Plaintiff filed his Motion, the parties discussed Plaintiff's request for jurisdictional discovery. Plaintiff makes much in its papers of an exchange of emails concerning jurisdictional discovery. Plaintiff is wrong in the characterization of the emails, and should not treat a misunderstanding as a "reneged agreement".

It is curious that in papers filed by the Plaintiff there is no assertion that this was the type of case in which he would either need or be entitled to jurisdictional discovery. In fact, this is the type of case in which such requests are denied. When the plaintiff is a total stranger to a defendant, discovery has

been allowed. *Surpitski v. Hughes-Keenan Corporation*, 362 F.2d. 254 (1st Cir. 1966). However, when the parties have a long commercial relationship, such as in this case, discovery has been denied. *American Express International, Inc. v. Mendez-Capellan*, 889 F.2d 1175,1181 (1st Cir. 1989). In any event, the Court has broad discretion to decide whether discovery is required on the issue of personal jurisdiction, *Crocker v. The Hilton International Barbados, Ltd.*, 976 F.2d 797,801 (1st Cir. 1992), and in this case, the Court has every reason to deny jurisdictional discovery, but at most should allow no more than in the Order proposed by Defendants that is attached hereto as Exhibit A. For even if Plaintiff were entitled to some discovery, that right is not unlimited and does not mean that Plaintiff is entitled to take depositions. *Sunview Condominium Assoc. v. Flexel Internat'l, Ltd.*, 116F.3rd 962, 964 (1st Cir. 1997). This is especially true here where the Plaintiff needs no discovery because he is fully informed.

3.  <u>If the Court does not Stay without Date the Briefing on Plaintiff's Motion, Defendants are at least Entitled to a Ten Day Extension to Respond.</u>

The Court has "great leeway" in deciding requests for enlargement of time. *Maldonado-Denis v. Castillo-Rodrigues*, 23 F. 3d 576, 583 (1st Cir. 1994). Because this is Defendants' first request for an extension of time to respond to Plaintiff's Motion and it is made before the time for responding expires, the Court in its discretion should grant the request under Rule 6(b), Fed.R.Civ.P. *Cf, Maldonado-Denis*, 23 F. 3d at 584-585 (Not an abuse of discretion to deny enlargement after at least five prior enlargements).

Plaintiff's Motion for Preliminary Injunction includes a detailed Declaration that requires preparation of a substantial response. Counsel for Defendants in Utah, Lynn Foster, is working on Declarations to counter the papers filed by Plaintiff. Co-counsel for Defendants, John DuPré, has been out of the state this week in Maine, Washington, D.C. and New York state for personal matters and has not been able to work on the response, and Mary Murray was interviewing Examiners in the Patent

Office this week and therefore had limited time to dedicate to preparing the response to the preliminary injunction papers.

Defendants' request for a ten day extension of time, that Plaintiff was inexplicitly unwilling to grant, is not unreasonable for a matter that was filed in May, in a dispute that has been ongoing for months, if not years. For the foregoing reasons, Defendants request that the ten day extension be granted, if the Stay is not entered.

Respectfully Submitted,

PETER PRIER & SONS VIOLINS,
INC., et al.
By their attorneys,

*/s/ Mary K. Murray*

John L. DuPré (BBO #549659)
Mary K. Murray (BBO #654194)
Hamilton, Brook, Smith & Reynolds, P.C.
530 Virginia Road
P.O. Box 9133
Concord, MA 01742-9133
Telephone: (617) 341-0036
Attorneys for Defendants

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail on September 3, 2004.

*/s/ Mary K. Murray*
Mary K. Murray

@PFDesktop\::ODMA/MHODMA/HBSR05;iManage;497185;1

-4-