UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BENOIT ROLLAND,

Plaintiff,

v.

PETER PRIER & SONS VIOLINS, INC.,
SPICCATO FRENCH AMERICAN BOWS,
INC., PETER PAUL PRIER, PAUL STEWART
PRIER, and JON HATCH,

Defendants.

CIVIL ACTION NO. 04-11491 RWZ

Plaintiff's Counterclaim Responses and
Defenses

## REPLY TO COUNTERCLAIM

## BACKGROUND

1.    Without sufficient information to form a belief as to the truth.

2.    Admitted.

3.    Admitted.

4.    Admitted.

5.    Without knowledge as to the intent for creating or operating PPS. Admitted that PPS does business as the "Violin Making School of America".

6.    Admits that Peter has always been the President of PPS. Without knowledge as to the locations in which PPS may have operated.

7.     Admitted that a traditional wooden bow making school was opened in Salt Lake City in 1999 and that PPS was involved, but otherwise denies the allegations.

8.     Admits that SFAB was incorporated in December 1997, admits that SFAB sells synthetic Spiccato and Arpege bows, and otherwise lacks sufficient information.

9.     Denied.

10.     Admits that PPS manufactured and sold synthetic Spiccato and Arpege bows during this time frame and that at some point SFAB also commenced making and selling synthetic Spiccato and Arpege bows, and otherwise denies the allegations.

11.     Without sufficient knowledge.

12.     Denied.

13.     Denied.

14.     Admits that Paul and John's place of residence and employ are in Salt Lake City or the immediate vicinity and otherwise denies the allegations.

15.     Denied.

16.     Admits that Mssr. Rolland is a citizen of France and now resides in Massachusetts, and admits that Mssr. Rolland resided in Utah intermittently from October 1999 to May 2001, and otherwise denies.

17.    The first sentence is denied.  The second sentence is admitted to the extent that Mssr. Rolland has patented an adjustable synthetic Spiccato and Arpege bow, but is otherwise denied.

18.    Without sufficient information to form a belief as to the truth.

19.    Denied.

20.    Without knowledge.

21.    Denied.

22.    Admitted to the extent that at certain points in time after 1994, PPS bought bows at wholesale for retail sale and also resale to other retailers.

23.    Denied.

24.    Denied.

25.    Denied.

26.    Denied except that it is admitted that SBR made synthetic Spiccato and Arpege bows in Salt Lake City starting in 1997.

27.    Admitted to the extent that the allegation demonstrates the intent for Mssr. Rolland to have an ownership interest in a venture to make and sell synthetic Spiccato and Arpege bows in the United States and otherwise denied.

28.    Admits that Mssr. Rolland was, at some point in time, divorced from his first wife and otherwise denies.

29.    Denied.

30.    Admitted that PPS purchased, certain tools and otherwise denies the allegation.

31.    Without knowledge.

32.    Denied.

33.    Denied.

34.    Admits that portions of statement of Mssr. Rolland are quoted out of context and incompletely and otherwise denies the allegations including the implication that these partial quotations reflect Mssr. Rolland's mental state at any relevant point in time.

35.    Admits that Mssr. Rolland owned, and continues to own, trademarks, patent rights, and trade secrets and therefore admits that he so stated; admits that PPS began manufacturing synthetic Spiccato and Arpege bows under Mssr. Rolland's trademark, patent rights, and trade secrets in 1997; admits that SFAB has changed the process by which it makes synthetic Spiccato and Arpege bows and otherwise denies each and every allegation.

36.    Denied.

37.    Denied.

38.    Denied, except admits that SFAB was incorporated in December 1997.

39.    Without sufficient information. Unknown whether PPS completely halted synthetic bow production.  The remainder is admitted.

40.    Denied.

41.    The preceding statements are questions of law for the court to decide and therefore denied.

42.    Without sufficient information to form a belief as to the truth of this statement.

43.    Denied.

44.    Denied.

45.    Denied.

46.    Admits only that Mssr. Rolland contributed the exclusive use of his intellectual property as a capital asset of the partnership, otherwise denied.

47.    Denied.

48.    Denied.

49.    Denied.

50.    Denied.

51.    Sentence one and two are statements of law and therefore are denied. The allegations of sentence three are denied. Shareholders ability to own the trademark of a company are questions of law for the court to decide and therefore denied. It is admitted that SBR, PPS, and SFAB all used the trademark SPICCATO

52.    Denied.

53.    Denied.

54.    Denied.

55.    Denied.

56.    Denied.

57.    Denied.

58.    Denied.

59.    Admitted that SBR was the original owner/registrant of SPICCATO in France but denies that SBR was the only owner.

60.    Denied.

61.    Denied.

62.    Denied.

63.    Denied

64.    Denied.

65.    Denied.

66.    Admitted that PPS/SFAB applied the names B. ROLLAND on synthetic Spiccato and Arpege bows in the belief that it would enhance sales and otherwise denies the allegations and that Mssr. Rolland approved the use of his name on only those bows made according the manufacturing process he specified.

67.    Admitted that Mssr. Rolland provided a template and associated materials and admitted that Mssr. Rolland expected and required his name to appear on bows that he had approved and otherwise denied

68.    Admits that Mssr. Rolland approved the use of his name on the older version of the websites in relation to the bowmaking school and only while defendants were making bows according to the manufacturing process he specified.

69.    Denied.

70.    Denied

71.    (a) Without sufficient knowledge to for a belief as to the truth; (b) denied; (c) denied (d) without knowledge; (e) denied.

72.    Denied.

73.    Denied.

74.    Denied.

75.    Denied.

76.    Denied.

77.    Denied.

78.    Denied

79.    Without knowledge.

80.    Denied.

81.    Denied.

82.    Without knowledge.

83.    Denied.

84.    Denied.

85.    Without knowledge to reply to assertion that Mssr. Rolland's name has been removed from SFAB's synthetic Spiccato and Arpege bows, and otherwise denied.

86. Admits that Mssr. Rolland does not make or sell synthetic Spiccato and Arpege bows and otherwise denies

87. Denied.

88. Denied.

89. Denied.

## FIRST COUNTERCLAIM-BREACH OF WARRANTY

90. Counterclaim responses to paragraphs 1-89 are incorporated by reference.

91. Denied.

93. Denied.

## SECOND COUNTERCLAIM-BREACH OF FIDUCIARY DUTY

94. Counterclaim responses to paragraphs 1-93 are incorporated by reference.

95. Denied.

96. Denied.

97. Denied.

## THIRD COUNTERCLAIM-BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

98.    Counterclaim responses to paragraphs 1-97 are incorporated by reference.

99.    This is a question of law for the court to decide, therefore denied.

100.    Denied.

101.    Denied.

## FOURTH COUNTERCLAIM-NO PARTNERSHIP

102.    Counterclaim responses to paragraphs 1-101 are incorporated by reference.

103.    Admitted that Mssr. Rolland asserts his rights under a partnership. The remainder is denied.

104.    Denied.

## FIFTH COUNTERCLAIM-BREACH OF CONTRACT

105.    Counterclaim responses to paragraphs 1-104 are incorporated by reference.

106.    Admitted that Mssr. Rolland granted an exclusive license to PPS and SFAP to use the trademarks at issue in return for expected share in the profits of the venture. The remainder is denied.

107.    Denied.

108.    Denied.

## SIXTH COUNTERCLAIM-STATUTE OF LIMITATIONS

109.    Counterclaim responses to paragraphs 1-108 are incorporated by reference.

110.    Denied.

111.    Denied.

## SEVENTH COUNTERCLAIM-STATUTE OF FRAUDS

112.    Counterclaim responses to paragraphs 1-111 are incorporated by reference.

113.    Denied.

## EIGHT COUNTERCLAIM-CANCELLATION OF FEDERAL TRADEMARK REGISTRATION

114.    Counterclaim responses to paragraphs 1-113 are incorporated by reference.

115.    Denied.

## NINTH COUNTERCLAIM-ACCORD AND SATISFACTION/NOVATION/RATIFICATION

116.    Counterclaim responses to paragraphs 1-115 are incorporated by reference.

117.    Denied.

118.    Denied.

# AFFIRMATIVE DEFENSES

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, the plaintiff hereby asserts the following defenses to the above counter claims:

## First Defense:

The counterclaim stated in each count fails to state a claim upon which relief can be granted.

## Second Defense:

Claims based upon the defendants', or any one of the defendant's, investment in the French SARL, are barred by the statue of limitations, accord and satisfaction, abandonment, latches, release, statute of frauds, estoppel and waiver.

WHEREFORE Plaintiff Benoit Rolland prays that judgment be entered on the counterclaim in favor of plaintiff and that the Court award such other and further relief to plaintiff, including a reasonable attorney's fee, as the Court deems just and proper.

Dated:  November 19, 2004

Heidi E. Harvey (BBO #548114)
Denis Ticak (BBO #656536)
FISH & RICHARDSON P.C.
225 Franklin Street
Boston, MA  02110-2804
TEL:  (617) 542-5070

OF COUNSEL:

Robert A. Stein
Robert Stein and Associates, PLLC
One Barberry Lane
Concord, NH  03301
TEL:  (603) 228-1109
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing REPLY TO COUNTERCLAIM was served upon each other counsel of record for the parties by first class mail, postage prepaid, this 19th day of November, 2004.