UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---------------------------------------------------------------X
BENOÎT ROLLAND,                                )
                                               )
            Plaintiff,                    )
                                               )
v.                                             )   **CIVIL ACTION NO. 04-11491 RWZ**
                                               )
                                               )
PETER PRIER & SONS VIOLINS, INC.,              )
SPICCATO FRENCH AMERICAN BOWS,                 )
INC., PETER PAUL PRIER, PAUL STEWART           )
PRIER, and JON HATCH,                          )
                                               )
            Defendants.                   )
---------------------------------------------------------------X

### DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AGREEMENT AND TO RE-OPEN CASE FOR PURPOSES OF ENFORCEMENT ACTION

    Defendants Peter Prier & Sons Violins. Inc., Spiccato French American Bows, Inc., Peter Paul Prier, Paul Stewart Prier and Jon Hatch submit this opposition to Plaintiff's Motion to Enforce Settlement Agreement and to Re-open Case for Purposes of Enforcement Action. Defendants join in Plaintiff's Motion to the extent it seeks to enforce the Settlement Agreement as it was entered. The Settlement Agreement comprises the clear Settlement Demand that was submitted by Plaintiff pursuant to Local Rule 16.1(C) and was accepted by all Defendants in writing as noted at the November 30, 2004 conference with the Court.

    Defendants strenuously oppose the Motion, however, to the extent it seeks to add terms to the Agreement that were not part of the November 16, 2004 settlement demand from Plaintiff and were not accepted by Defendants when they accepted the demand as proposed.

I.      Background

Pursuant to Local Rule 16.1(C), Plaintiff submitted a settlement demand to Defendants on November 16, 2004. The demand as submitted was accepted in writing by all Defendants. Exhibit 1 to the Declaration of Michael Kallus filed in Support of the Motion is a copy of the Settlement Agreement as it was reached by the parties.

Paragraph 1 of the settlement demand provided two options to Defendants. The first option was for an assignment of rights in the mark ARPEGE and an immunity from suit under certain of Plaintiff's know-how and technology for non-adjustable bows in exchange for a payment of $350,000. The second option was for "assignment of Rolland's right, title and interest in issued U.S. patents and all foreign counterparts, assignment of Rolland's right, title and interest in all common law rights and trademark registration rights worldwide in SPICCATO and ARPEGE," (emphasis added), and an immunity from suit under certain of Plaintiff's know-how and technology. Defendants could have exercised this second option in return for a payment of $1.2MM dollars to be made in four equal installments of $300,000.

As noted on the last page of the Settlement Agreement, Defendants accepted Option 1(a) and submitted to Plaintiff's counsel the requisite check for $350,000.00 payable to Plaintiff at the November 30, 2004 Conference. With the acceptance of the option and delivery of the check, the Settlement Agreement was complete and enforceable by its terms.


II.     The Parties Have Agreed to Certain Post Settlement Actions.

The Settlement Agreement by its express terms contemplated certain actions that needed to be taken. In particular, Paragraph 3 deals with the signing of documents relating to the transfer of any rights to Defendants. In addition, Paragraph 7 calls for the dismissal with prejudice of the claims in the Massachusetts action, the Utah action and the TTAB. The parties have agreed to the language

2.

of the dismissals for all three actions. As noted in the email attached in Exhibit 2 to the Declaration of Michael Kallus, on December 21, 2004 Plaintiff forwarded proposed forms for the Stipulation of Dismissal in Utah, Stipulation of Dismissal of Trademark Opposition with Prejudice, and Stipulation of Dismissal with Prejudice in Massachusetts. Defendants accepted these dismissal forms proposed by Plaintiff and returned signed forms by email on December 27, 2004. This email with the dismissal forms executed by Defendants' counsel is also included as part of Exhibit 2 to the Declaration of Michael Kallus.

The only remaining actions to complete the dismissals are for Plaintiff's attorney to sign and file the Dismissals. Defendants request the Court to enforce the Settlement Agreement and direct Plaintiff to file the Dismissals.

III.   Post Settlement Actions - Disagreement by the Parties

This matter is before the Court because Plaintiff is insisting that Defendants take a further post settlement action that is not set forth in the Settlement Agreement. In particular, Plaintiff is asking the Court to order Defendants to abandon the applications to register SPICCATO currently pending in the Trademark Office. This action, however, is not set forth in the Settlement Agreement and was not accepted by Defendants. Defendants, therefore, respectfully request that the Court reject Plaintiff's Request for an Order directing Defendants to abandon the applications and direct Plaintiff to comply with the terms of the Settlement Agreement.

IV.   The Settlement Agreement Does Not Call for the
       Abandonment of Defendants' Applications

Paragraph 7 of the Settlement Agreement calls for the proceeding in the TTAB to be dismissed with prejudice. The only proceeding pending in the TTAB is an opposition filed by Plaintiff against an application to register SPICCATO filed by Defendant Spiccato French American

Bows, Inc. Under the procedures in the TTAB, once an opposition is dismissed the underlying trademark application proceeds to approval and registration. There is nothing in Paragraph 7 of the Settlement Agreement that requires any action with respect to the trademark application after the opposition is dismissed. In addition, Plaintiff is now requesting that an additional application for BOW SPICCATO and Design be withdrawn, even though it was not subject to an opposition proceeding.

Perhaps recognizing that Paragraph 7 of the Settlement Agreement does not support Plaintiff's position that the applications must be abandoned, Plaintiff in his Motion papers refers to Defendants' failure to elect the option to purchase all of Plaintiff's rights in the SPICCATO mark. Defendants did not elect that option and did not purchase Plaintiff's rights. The paragraph is silent, however, as to any rights that Defendants may have had. In fact, no where in the Settlement Agreement is there a reference to Defendants surrendering their rights such that the requested abandonment could have been required. The Settlement Agreement, which Plaintiff prepared, states in Paragraph 4 that the "grants, assignments, and immunity are strictly limited to the express terms of this offer." When Plaintiff was seeking to have Defendants stop use of any names or images, he had no trouble including a provision with such restrictions, such as Paragraph 6. The Settlement Agreement, however, contains no restriction on Defendants' use and/or applications to register SPICCATO. It would be improper, after the fact, to insert this new additional term into an Agreement that had been fully accepted.

While working towards conclusion of the Settlement Steps recited in the Agreement, Defendants' counsel stated on several occasions to Plaintiff's counsel that Defendants would not agree to any additional terms or conditions beyond those expressly set forth in the Settlement Agreement. (See, for example, the emails dated December 9, 2004 and December 10, 2004 attached hereto as Exhibit 1.) When Plaintiff continued to insist that the applications be abandoned,

Defendants asked Plaintiff to identify where in the Agreement such actions were recited. (See, Exhibit 1.) Plaintiff has not and cannot identify any such place, because it is not in the Settlement Agreement.

V.   Plaintiff Cannot Unilaterally Amend the Settlement
     Agreement After it Has Been Accepted

It is clear now that Plaintiff is trying to unilaterally amend the Settlement Agreement to insert a requirement that is not part of the Agreement. Perhaps Plaintiff now realizes that he wished he had included additional terms in his offer. The offer, however, was a recitation of detailed terms to resolve all disputes between the parties. This matter is a business dispute in which Plaintiff was represented by sophisticated counsel. Plaintiff cannot now after acceptance of his comprehensive offer insert additional terms on his own. Defendants, in accepting Plaintiff's proposed settlement and paying the amount requested, relied upon and "have a right to expect a fairly literal interpretation of the bargain that was struck... ." See, AMF Inc. v. Jewett, 711 F.2d 1096,1101 (lst Cir. 1983). In rejecting a "selfserving attempt to refashion its proposal with the benefit of hindsight," the First Circuit has stated that "it is no appropriate part of judicial business to rewrite contracts freely entered between sophisticated business entities." Mathewson Corporation v. Allied Marine Industries, Inc. 827 F.2d 850,856 (1st Cir. 1987); See also, Konior v. Kanan, Cobin, Schupak & Aronow, Inc., 1993 U.S. Dist LEXIS 9161, p2 (D. Mass. 1993). Plaintiff, with his sophisticated counsel, should not look to this Court to rewrite the settlement that he proposed. In such circumstances it is "wiser for a court to honor the parties' words than to imply other or further promises out of thin air." Accusoft Corp. v. Palo, 237 F.3d 31,42 (lst Cir. 2001); F.D.I.C. v. Singh, 977 F.2d 18,25 (1st Cir. 1992); Pacheco v. Cambridge Technology Partners (Massachusetts) Inc., 85 F. Supp. 2d 69,73 (D. Mass. 2000). Plaintiff's request to rewrite the Settlement Agreement to add an abandonment requirement "out of thin air" should be rejected.

The Settlement Agreement must be enforced according to the terms it contained as they were accepted and not in accordance with additional terms that Plaintiff wishes he had proposed. It would defeat the very purpose of Local Rule 16.1(C) if a settlement offer could be made and accepted and then withdrawn or modified unilaterally by the party who made the offer after it had already been accepted.

VI.    Conclusion

For the foregoing reasons, Defendants respectfully request that the Settlement Agreement be enforced and that Plaintiff be ordered to sign and file the Dismissals. In all other respects, Defendants request that Plaintiff's Motion to Enforce Settlement Agreement and Re-Open the Case for Purposes of Enforcement Action be denied.

Respectfully submitted,

PETER PRIER & SONS VIOLINS, INC., et al.
By their attorneys,

Dated: January 7, 2005

John L. DuPré (BBO #549659)
Mary K. Murray (BBO #654194)
Hamilton, Brook, Smith & Reynolds, P.C.
530 Virginia Road
P.O. Box 9133
Concord, MA 01742-9133
Telephone: (617)341-0036

Lynn G. Foster
Foster & Foster LLC
602 East 300 South
Salt Lake City. UT 84102
TEL: (801) 364-5633
Attorneys for Defendants

## CERTIFICATE OF SERVICE

    I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail on January 7, 2005.

_____
John L. DuPré

## John DuPre

**From:** John DuPre
**Sent:** Thursday, December 09, 2004 2:02 PM
**To:** 'Heidi Harvey'
**Cc:** 'Lynn Foster'; Mary Murray; Michael Kallus; Robert Stein (E-mail)
**Subject:** FW: Rolland v. Prier - Settlement Proposals

Heidi,

The Terms of the Settlement, which bind the parties, are clear. Defendants are not willing to expand the settlement to include any matters not set forth clearly in the agreement that has been reached. That being said, we believe the agreement contemplates the following actions:

    a. An assignment of all rights in the mark ARPEGE from Mr. Rolland. Par. 1(a). We will forward a proposed assignment for your review.

    b. Dismissal of the Massachusetts action, with prejudice, Par. 7. Let us know as soon as possible if the Dismissal we provided to you is acceptable.

    c. Dismissal of the Utah action, with prejudice. Par. 7. We understand that a form has been prepared and is ready for filing in Utah.

    d. Dismissal of all claims in the Opposition before the TTAB. Par. 7. Let us know if you would like us to prepare a proposed form.

    e. A mutual non-disparagement / neutral statement. Par. 7. We propose the following statement:
"Spiccato French American Bows, Inc. and Benoit Rolland have settled their differences and are no longer doing business together."

We believe that this is all that is called for in the agreement. If you believe that more is required, advise us of the requirement and where in the agreement it is set forth.

John

**EXHIBIT 1**

1/5/2005

## John DuPre

| | |
|---|---|
| **From:** | John DuPre |
| **Sent:** | Friday, December 10, 2004 11:21 AM |
| **To:** | 'Heidi Harvey' |
| **Cc:** | 'Lynn Foster'; Mary Murray; Robert Stein (E-mail) |
| **Subject:** | FW: Rolland v. Prier - Settlement Proposals |

Heidi,

We are not sure what you mean by your email. There is no question that the Settlement Agreement can and will be enforced. It is an offer you made that was accepted by all the defendants. If there are actions required by the settlement that are beyond those set forth in my email, we would be interested in knowing what you think they are and where in the agreement is there a reference to those actions. Perhaps if you provided us with the support for any position you may have, we can consider it and resolve the matter without a conference. However, as I said previously, defendants will not agree to add new terms that are not in the agreement reached between the parties.

John


-----Original Message-----
**From:** Heidi Harvey [mailto:Harvey@fr.com]
**Sent:** Thursday, December 09, 2004 6:04 PM
**To:** John DuPre
**Cc:** Lynn Foster; Mary Murray; Michael Kallus; Robert Stein (E-mail)
**Subject:** RE: Rolland v. Prier - Settlement Proposals

John

I suggest we ask Judge Zobel for a conference to hash out our differences on the meaning of the settlement so that it can be enforced. I will call her clerk's office tomorrow to find out what time she is available to hear us.

Heidi


**From:** John DuPre [mailto:John.DuPre@hbsr.com]
**Sent:** Thursday, December 09, 2004 2:02 PM
**To:** Heidi Harvey
**Cc:** Lynn Foster; Mary Murray; Michael Kallus; Robert Stein (E-mail)
**Subject:** FW: Rolland v. Prier - Settlement Proposals

Heidi,

The Terms of the Settlement, which bind the parties, are clear. Defendants are not willing to expand the settlement to include any matters not set forth clearly in the agreement that has been reached. That being said, we believe the agreement contemplates the following actions:

a. An assignment of all rights in the mark ARPEGE from Mr. Rolland. Par. 1(a). We will

1/5/2005

forward a proposed assignment for your review.

    b. Dismissal of the Massachusetts action, with prejudice, Par. 7. Let us know as soon as possible if the Dismissal we provided to you is acceptable.

    c. Dismissal of the Utah action, with prejudice. Par. 7. We understand that a form has been prepared and is ready for filing in Utah.

    d. Dismissal of all claims in the Opposition before the TTAB. Par. 7. Let us know if you would like us to prepare a proposed form.

    e. A mutual non-disparagement / neutral statement. Par. 7. We propose the following statement:
"Spiccato French American Bows, Inc. and Benoit Rolland have settled their differences and are no longer doing business together."

    We believe that this is all that is called for in the agreement. If you believe that more is required, advise us of the requirement and where in the agreement it is set forth.

John

*********************************************************************

This email and any files transmitted with it are confidential and
intended solely for the use of the individual or entity to whom they
are addressed. If you have received this email in error please notify
the system manager.

This footnote also confirms that this email message has been swept by
MIMEsweeper for the presence of computer viruses.

www.mimesweeper.com
Mail System HBSR
*********************************************************************

1/5/2005