UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-11491-RWZ

BENOIT ROLLAND

v.

PETER PRIER & SONS VIOLINS, INC., et al.

ORDER

January 13, 2005

ZOBEL, D.J.

    The parties settled their differences over certain trademarks and memorialized the agreement in a letter from plaintiff's counsel to counsel for defendant which defendant accepted without cavil.  Unfortunately that did not prevent disagreements about its terms thereafter.  The matter is before me on cross motions to enforce the agreement, albeit with two different results.

    The agreement gives defendants the option of taking an assignment of either 1) all rights in the mark ARPEGE and immunity from suit under all Rolland technology for certain synthetic bows for an immediate payment of $350,000. or 2) all rights as described in 1) above plus all common law rights and trademark registrations rights worldwide in the mark SPICCATO for a total payment of $1.2 million payable over two years.   Defendant chose option 1.

    The agreement further provides in Paragraph 7 "[A]ll claims of Rolland and defendants in the Massachusetts action, the Utah action, and the TTAB will be

dismissed with prejudice. . . ." Apparently there is pending in the U. S. Patent and Trademark Office before the Trademark Trial and Appeal Board ("TTAB") an application by defendant for the registration of SPICCATO with an opposition by Rolland. The parties disagree as to their respective rights and obligations with respect to the matter in the TTAB which disagreement is at the bottom of the motions to enforce the settlement agreement. Plaintiff contends that defendant chose not to purchase the rights to SPICCATO and therefore has no right to prosecute the application for its registration. Defendant insists that paragraph 7 calls for the "proceeding" in the TTAB to be dismissed and that the only "proceeding" pending there is Rolland's opposition. Defendant misreads the settlement agreement which refers to "claims," not "proceeding." However, resolution of the ultimate issue, the meaning of paragraph 7, depends on the parties' intent, a matter I cannot determine on the record before me. Accordingly, the court has scheduled an evidentiary hearing on February 2, 2005 at 2:30 p.m.

|  |  |
|---|---|
| _____  DATE | /s/ Rya W. Zobel_____  RYA W. ZOBEL  UNITED STATES DISTRICT JUDGE |